## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| FAMILY HEALTH PHYSICAL MEDICINE, LLC, individually and as the representative of a class of similarly-situated persons, | Civil Action No. |
| Plaintiff, | **CLASS ACTION** |
| v. | **COMPLAINT** |
| BROOKDALE SENIOR LIVING, INC., | |
| Defendant. | |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff Family Health Physical Medicine, LLC ("Family Health") alleges the following against Defendant Brookdale Senior Living, Inc. ("Brookdale Senior Living").

## **PARTIES**

1. Family Health is an Ohio corporation that operates a physical medicine/chiropractic clinic in Alliance, Ohio.

2. Brookdale Senior Living is a Delaware corporation with its principal place of business in Tennessee.

3. Brookdale Senior Living is a for-profit corporation that derives revenue from the operation of assisted living facilities in Ohio.

4. Brookdale Senior Living owns and/or operates the assisted living facility located at 1277 South Sawburg Ave. in Alliance, Ohio 44601.

## **FACTS**

5. On July 12, 2019, Family Health received a document on its fax machine ("the

Brookdale Fax") touting the facility located at 1277 South Sawburg Ave. in Alliance, Ohio 44601 ("the Brookdale Alliance facility").

6. The Brookdale Fax invited recipients to tour the facility "to meet our staff", "learn more about how we will serve your clients," and offered "a complimentary pizza to-go" to entice the recipients to accept the invitation.

7. The Brookdale Fax, which was not addressed to anyone, was targeted at medical providers such as Family Health to generate referrals or other interest in the Brookdale Alliance facility.

8. The Brookdale Fax was transmitted to Family Health's fax number and received by Family Health's fax machine. Upon receiving this transmission, Family Health's fax machine printed the Brookdale fax onto paper using ink and toner.

## **CLAIM FOR RELIEF – VIOLATION OF THE TCPA**

9. 47 U.S.C. § 227 is a federal law that is commonly known as the Telephone Consumer Protection Act ("TCPA") or Junk Fax Prevention Act ("JFPA").

10. The TCPA generally prohibits the sending of unsolicited advertisements via facsimile. Specifically, 47 U.S.C. § 227(b)(1)(C) states, in part, as follows:

> It shall be unlawful for any person . . . to use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement unless— (i) the unsolicited advertisement is from a sender with an established business relationship with the sender . . . and (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D).

11. 47 U.S.C. § 227(a)(5) of the TCPA defines the term "unsolicited advertisement" as follows:

> The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property,

2

goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise.

12. Paragraph (b)(2)(D) of the TCPA sets forth the requirements for an opt-out notice on fax advertisements. These requirements include, among others, that "the notice is clear and conspicuous and on the first page of the unsolicited advertisement" and that "the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine and that failure to comply, within the shortest reasonable time, . . . is unlawful."

13. The Brookdale Fax advertised the commercial availability and/or quality of the services of Brookdale Senior Living in regard to the Brookdale Alliance facility.

14. Brookdale Senior Living did not obtain express permission from Family Health before transmitting the Brookdale Fax to the fax number/fax machine of Family Health.

15. The Brookdale Fax did not contain a notice that met the requirements of Paragraph (b)(2)(D) of the TCPA.

## CLASS ACTION ALLEGATIONS

16. Family Health brings this action on behalf of the following persons: "All persons who (1) on or after four years prior to the filing of this action; (2) were sent the Brookdale Fax or similar material; (3) via facsimile; (4) and for whom Brookdale Senior Living has no documents purporting to show the intended recipient's express permission to receive facsimile advertisements from Brookdale Senior Living. The persons who meet these criteria are the "putative class members".

17. <u>Numerosity</u>: Based on information, belief, and the appearance of the Brookdale Fax, Brookdale Senior Living sent the Brookdale Fax to numerous persons via their fax numbers/fax machines.

18. <u>Commonality:</u> Common questions of law and fact apply to the claims of the putative class members. These include the following:

    (a) Whether the Brookdale Fax is an "unsolicited advertisement" within the meaning of the TCPA;

    (b) Whether Brookdale Senior Living is the "sender" of the Brookdale Fax within the meaning of the TCPA;

    (c) Whether Brookdale Senior Living obtained "express invitation or permission" within the meaning of the TCPA from the recipients of the Brookdale Fax prior to transmitting it to them via their fax numbers/fax machines;

    (d) Whether the Brookdale Fax contained an opt-out notice that complied with the requirements of the TCPA; and

    (e) Whether Brookdale Senior Living sent the Brookdale Fax intentionally, was aware of the TCPA at the time, and/or violated the TCPA knowingly.

20. <u>Typicality</u>: Family Health has the same claim under the same federal statute as the other putative class members for their receipt of the Brookdale Fax (and any similar facsimiles). Family Health also has the same damages as the other putative class members for the alleged violation(s) of the TCPA by Brookdale Senior Living.

21. <u>Adequacy:</u> Family Health has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced and competent counsel to assist it in doing so.

22. <u>Predominance</u>: The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

  (a) Family Health's claim depends on the same factual and legal issues as the claims of the other putative class members;

  (b) the evidence supporting Brookdale Senior Living's likely defenses will come solely from Brookdale Senior Living's own records and will not require any information or inquiries from individual class members;

  (c) the damages for the alleged violation(s) of the TCPA by Brookdale Senior Living are set by statute and, therefore, will be the same for each and every member of the putative class; and

  (d) the identity of the putative class members can be readily ascertained from Brookdale Senior Living's computer, phone, or other business records.

23. <u>Superiority</u>: A class action would be superior to individual actions by the putative class members for the following reasons:

  (a) the damages suffered by any one class member are too low to justify a stand-alone, individual lawsuit;

  (b) the TCPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

  (c) many of the putative class members are, like Family Health, non-natural entities that would not be permitted to proceed in court *pro se*; and

  (d) the evidence concerning each of the putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

WHEREFORE, Plaintiff Family Health Physical Medicine, LLC demands judgment in its favor and against Defendant Brookdale Senior Living, Inc. as follows:

(1) that the Court adjudge and decree that the present case may be maintained as a class action, appoint Family Health as the representative of the class, and appoint counsel for Family Health as counsel for the class;

5

(2) that the Court award the statutory damages provided by the TCPA to Family Health and the other members of the class for each violation of the TCPA by Brookdale Senior Living; and

(3) that the Court award Family Health an incentive award, pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

                          Respectfully submitted,

                          */s/ Matthew E. Stubbs*
                          GEORGE D. JONSON
                          MATTHEW W. STUBBS
                          MONTGOMERY JONSON LLP
                          600 Vine Street, Suite 2650
                          Cincinnati, OH 45202
                          Telephone: (513) 241-4722
                          Facsimile: (513) 768-9227
                          Email: gjonson@mojolaw.com
                                                mstubbs@mojolaw.com